**NOT FOR PUBLICATION**                                                    CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROLANDO MORRISON | |
| Petitioner, | **OPINION** |
| v. | Civ. No. 05-462 (WHW) |
| UNITED STATES OF AMERICA | Crim. No. 03-181 (WHW) |
| Respondent. | |

**Walls, Senior District Judge**

Petitioner Rolando Morrison moves, pro se, to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The motion is denied and his petition is dismissed.

**FACTS AND PROCEDURAL BACKGROUND**

On November 7, 2002, Petitioner Rolando Morrison was arrested after being found in possession of a 9-mm pistol and 9-mm bullets. He also possessed two bottles of PCP (phencyclidine).

In March, 2003, a grand jury indicted Petitioner on one count, charging him with possession of a firearm after having been convicted for a combination of three or more violent crimes or serious drug crimes as defined by 18 U.S.C. § 924(e) ("Armed Career Criminal Statute"). As an Armed Career Criminal, Petitioner faced a statutory minimum sentence of fifteen years imprisonment, with a maximum of life imprisonment.

Between May and June, 2003, as a result of negotiations between Petitioner's counsel, Lorraine Gauli-Rufo, A.F.P.D., and the government, a plea agreement was reached. On July 2,

**NOT FOR PUBLICATION**                                                                                   CLOSED

2003, Petitioner pled guilty pursuant to arraignment and plea, to a one count Superseding Information that charged him with being a previously convicted felon in violation of 18 U.S.C. § 922(g). Petitioner faced a maximum term of ten years in prison as a result of the plea agreement.

The plea agreement stipulated that: (1) Morrison agreed that the Base Offense Level for his crime was Level 24; and (2) Morrison agreed that he possessed, with an intent to distribute, two bottles of PCP. In addition, since he possessed a firearm in connection with this felony offense, his offense level would be increased by four, under § 2K2.1(b)(5) of the U.S.S.C. Guidelines Manual. Based on the two stipulations, Morrison's Total Offense Level was 28, and after a 3-level reduction for acceptance of responsibility, the Adjudicated Offense Level was 25. Morrison's sentencing range was 110 to 120 months, according to the Sentencing Guidelines.

At the plea proceedings on July 2, 2003, the Petitioner was questioned on the facts upon which the plea was based:

> The Court:     In Jersey City, you on [November 7, 2002] were found to possess ammunition and a 9-millimeter Starlet Arms semiautomatic handgun which has a serial number of 086880 and 9-millimeter bullets, right?
>
> Petitioner:    Yes.

(Plea Tr. 10-11, July 2, 2003.)

> The Court:     On that same day, November 2002, you possessed with intent to distribute, 2 bottles of PCP schedule two narcotic controlled substance. Therefore, your offense level increases to 4.

**NOT FOR PUBLICATION** CLOSED

                Paragraph 4 of the second page, the government has recognized that so far you have recognized your own responsibility for this criminal activity and you have made an affirmative acceptance of your responsibility. And if this continues to your date and time of sentence, you will be eligible for a downward adjustment of 2 levels and you will be entitled to paragraph 5. It's a misnomer here.

                Paragraph 5 to an additional decrease of one level because of entering an early plea which removes from the government the necessity to prepare for trial and spend time, money and human resources in such preparations. Now what is 5 really is paragraph 6 and I need to discuss this with you. First I want to know have you discussed this with your attorney?

Petitioner:    Yes.

The Court:    We are dealing now with giving up, your abandoning your right to appeal whatever sentence I impose upon you provided that the offense level . . . Do you agree to 25? Provided the offense level is not greater than 25. Do you understand that?

Petitioner:    Yes.

The Court:    By that we mean that you agree that provided I sentence you to an offense level that's not more than 25, you will not be able to file an appeal or bring an appeal to the circuit court for any sentence that's based on an offense level that is not greater than 25, nor will you be able to bring any

> collateral, that is any other incidental, indirect attacks such as by way of motions, writs of habeas corpus or anything of that like.
>
> Do you understand that?

Petitioner: Yes.

(Plea Tr. 12-14.)

On January 21, 2004, the Court accepted the stipulations of the plea agreement, and the defendant was sentenced to 110 months. Judgment was entered on January 26, 2004. Petitioner did not appeal the sentence.

At the sentencing hearing on January 21, 2004, Petitioner's attorney, Ms. Gauli-Rufo, made a motion for a downward departure. The two grounds for the departure were: (1) conditions of the Passaic County Jail; and (2) an overstatement of the defendant's criminal history. The motion was denied.

On January 19, 2005, Petitioner moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the following grounds: (1) Petitioner's Sixth Amendment right to counsel was violated by the imposition of a four-level enhancement not found by the jury; and (2) Petitioner's counsel rendered ineffective assistance by failing to raise an issue about the Probation Department's overstatement of Petitioner's criminal history.

Morrison asserts that he is entitled to resentencing based upon the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). He argues: (1) that Booker is retroactively applicable to his petition; (2) that the 4-level enhancement was improper; and (3) that he is entitled to resentencing based on a Total Offense Level of 21.

**NOT FOR PUBLICATION** CLOSED

## STANDARD

"Habeas corpus relief is generally available only to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. Deluca, 889 F.2d 503, 506 (3d Cir. 1989) (citing Hill v. United States, 368 U.S. 424, 428 (1962)). "To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 165-66 (1982). In order to bypass the procedural bar when pursuing a claim under 28 U.S.C. § 2255, the petitioner must show "cause" for not raising the point in question on direct appeal and that there would be "actual prejudice from the errors asserted." Id. at 167.

However, the Third Circuit has stated its preference that ineffective assistance of counsel claims be addressed in the first instance by the district court in a § 2255 petition. See United States v. Tobin, 155 F.3d 636, 643 (3d Cir. 1998); United States v. DeRewal, 10 F.3d 100, 103-04 (3d Cir. 1991), cert. denied, 511 U.S. 1033 (1994). The Sixth Amendment states that "[i]n all criminal prosecutions the accused shall enjoy the right to have assistance of counsel for his defense." U.S. Const. Amend. VI. A defendant has a Sixth Amendment right not just to counsel but to "reasonably effective assistance of counsel." United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). While "a successful showing of ineffective assistance of counsel may satisfy the 'cause' prong of the procedural default inquiry . . . it can only do so if the ineffectiveness rises to the level of constitutional deprivation under Strickland." United States v. Mannino, 212 F.3d 835, 840 (3d Cir. 2000)

**NOT FOR PUBLICATION** CLOSED

(citing Coleman v. Thompson, 501 U.S. 722, 753-54 (1991). The Strickland test, set forth below, inherently requires an establishment of prejudice.

Strickland provides a two-pronged test to be to evaluate claims of ineffective assistance of counsel. 466 U.S. at 687. First, the defendant has to show that counsel's performance was deficient by proving that the representation received fell below an objective standard of reasonableness. Id. at 688. Second, the defendant must show that the ineffective performance prejudiced the defense. This requires a showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 687. Without a satisfaction of both prongs, no relief can be granted. Rompilla v. Horn, 355 F.3d 233, 275 (3d Cir. 2004).

## DISCUSSION

A. Analysis

1. Booker's Applicability

Petitioner argues that the holdings of Booker and Blakely v. Washington, 542 U.S. 296 (2004), should apply to him and that he should be resentenced based on the Supreme Court's decisions. Both Booker and Blakely were preceded by Apprendi v. New Jersey, 530 U.S. 466 (2000), where it was held that: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Blakely was an extension of Apprendi to another statutory scheme. There, the Court held that if a judge imposes a sentence based on additional facts found under the preponderance of the evidence standard, or in other words, not

**NOT FOR PUBLICATION** CLOSED

based solely on facts reflected in the verdict of the jury or admitted by the defendant, the sentence would be in violation of the Sixth Amendment. Blakely, 542 U.S. at 301-06. Applying Apprendi and Blakely to the Federal Sentencing Guidelines, Booker held that the Guidelines are only "advisory" and are not binding on trial judges when determining sentences.[1] 543 U.S. at 245.

In most cases, new rules of criminal procedure are "not applicable to those cases which have become final" before a new rule is stated. Teague v. Lane, 489 U.S. 288, 310 (1989). New rules of criminal procedure are not retroactive to cases decided before the new rule "[u]nless they fall within an exception to the general rule." Id. This was done in "the interest in finality of judgments in the criminal justice system." Id. at 309-10.

Two exceptions were set by the Supreme Court in Teague. Only the second is applicable to petitioner's case.[2] The applicable exception is when a new rule adopts a procedure that is "implicit in the concept of ordered liberty." Id. at 307. This exception is "reserved for watershed rules of criminal procedure." Id. at 311.

The Third Circuit addressed the retroactive use of Booker in Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005). There, the Circuit declined to apply Booker retroactively to § 2255

---

[1] The Booker majority opinion was divided into two parts. The first, by Justice Stevens, held that since the Federal Sentencing Guidelines allowed judges to find facts leading to a greater sentence than authorized by a guilty plea or jury verdict, the Guidelines are unconstitutional. The second, by Justice Breyer, fashioned a remedy by striking the statutory provision making the Guidelines mandatory.

[2] The first exception applies when rules place "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." Teague, 489 U.S. at 307.

**NOT FOR PUBLICATION**                                                                                           CLOSED

motions when a judgment for sentencing "was final as of January 12, 2005, the date Booker was issued." Id. at 615-16. In Petitioner's case, judgment was entered and final on January 26, 2004, before Booker came down.

According to Lloyd, Booker announced a new rule of criminal procedure. 407 F.3d at 612-14. Various other Courts of Appeals have also concluded that Booker was a new rule. See Humphress v. United States, 398 F.3d 855, 861 (6th Cir. 2005); Guzman v. United States, 404 F.3d 139, 143 (2d Cir. 2005); Varela v. United States, 400 F.3d 864, 867-68 (11th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480 (7th Cir. 2005). Lloyd also established that Booker did not introduce a "watershed rule," and cannot be applied retroactively. Id. at 613. See also Guzman, 404 F.3d at 143-44; Varela, 400 F.3d at 868; United States v. Price, 400 F.3d 844, 845 (10th Cir. 2005); Humphress, 398 F.3d at 857.

Booker cannot apply retroactively as Petitioner argues in his reply. Petitioner also argues that his sentence is illegal, however, based upon the holding of Jones v. Giles, 741 F.2d 245 (9th Cir. 1984), which states that an illegal sentence is void and without legal effect.

The Court cannot accept this argument. The Supreme Court in Schriro v. Summerlin examined the question of whether the holding of Ring v. Arizona, 535 U.S. 584 (2002), applied retroactively to cases on collateral review.[3] 542 U.S. 348. In Summerlin, the Court explicitly stated that "[w]hen so many presumably reasonable minds continue to disagree over whether

---

[3] Ring, which was decided after Apprendi, struck down an Arizona law that allowed the judge, as opposed to the jury, to find aggravating factors beyond a reasonable doubt that would warrant a death penalty sentence. Summerlin, 542 U.S. at 351.

**NOT FOR PUBLICATION** CLOSED

juries are better factfinders at *all*, we cannot confidently say that judicial factfinding *seriously* diminishes accuracy." 542 U.S. 348, 355-56 (2004) (emphasis in original). This is an implication that fairness and accuracy are not affected when facts are found by a judge rather than by a jury. Support for this premise is offered by McReynolds, where the Court held that "the choice between judges and juries as factfinders does not make such a fundamental difference." 397 F.3d at 481. Allowing sentences to be rendered illegal solely on the basis of sentencing based on facts not found by the jury also contradicts the principle of attaining "finality" in sentences. See Teague, 489 U.S. at 309. Based on these findings, the sentence fashioned on facts found by a judge was not illegal.

### 2. Ineffective Assistance of Counsel

Petitioner claims that his attorney provided ineffective assistance of counsel for failing to object to a four-level enhancement under the Sentencing Guidelines on the basis that the facts behind the enhancement needed to be heard by a jury and proven beyond a reasonable doubt. The Supreme Court has created a two prong test to determine a claim of ineffectiveness of counsel: (1) Petitioner must prove that "counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment"; and (2) Petitioner must show that "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. Petitioner has not satisfied this test.

The performance of Petitioner's counsel must be evaluated under the law and facts that existed at the time of sentencing. Id. at 689. "[C]ounsel is [also] strongly presumed to have

**NOT FOR PUBLICATION**                                                                                                    CLOSED

rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id.

Petitioner's counsel performed within professional standards in representing Petitioner. In the past, Booker-type claims had been raised without success. See United States v. Levy, 379 F.3d 1241, 1243 n.3, rehearing denied, 391 F.3d 1327 (11th Cir. 2004). It was not unreasonable for counsel to shy away from making a Booker claim since an "attorney cannot be deemed ineffective for failing to anticipate a potential Sixth Amendment challenge" before Booker was decided. Muniz v. United States, 360 F. Supp. 2d 574 (S.D.N.Y 2005).

To show prejudice, there must have been a reasonable possibility that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable possibility has been deemed to be more than a simple theoretical possibility. Frey v. Fulcomer, 974 F.2d 348, 358 (3d Cir. 1992), cert. denied, 507 U.S. 954 (1993). It must actually undermine the outcome. Strickland, 466 U.S. at 694.

The remedial holding of Booker stated that decisions regarding sentencing would be made by judges on the preponderance of the evidence "while maintaining a strong connection between the sentence imposed and the offender's real conduct." Booker, 543 U.S. at 246. This is "important to the increased uniformity of sentencing that Congress intended its Guidelines system to achieve." Id. The Petitioner did not dispute or attempt to clarify any facts resulting in the enhanced sentence. There is also no reason to believe that the Court would have imposed a lighter sentence. Petitioner has failed to satisfy either prong of the Strickland test.

**NOT FOR PUBLICATION**                                                                                                        **CLOSED**

The act of pleading guilty must be knowing, voluntary, and intelligent "with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970). Petitioner was sentenced within the Guideline range authorized by the facts and he specifically stipulated in his plea agreement to the four level enhancement. (Plea Tr. 12-14.) In addition, the record shows that the Petitioner waived his right to bring any collateral attack provided that the Court not sentence him to any offense level higher than 25. (Plea Tr. 12-14.) A knowing and voluntary waiver to bring a § 2255 petition is enforceable. See e.g., Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195-96 (2d Cir. 2002), cert. denied, 537 U.S. 1146 (2003); see also United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001) (holding the same with regards to wavers of appellate rights). Petitioner entered the plea knowingly and voluntarily. His counsel had adequately advised him of the nature of the charges, and there was no indication that the petitioner was incompetent. Furthermore, in Muniz, the Court denied the Petitioner's § 2255 claim on the basis that the Petitioner had plead guilty and signed an agreement not to litigate under § 2255 as long as the sentence was within the Sentencing Guidelines. 360 F. Supp. 2d at 574. The facts of Muniz are analogous. Accordingly, Petitioner's motion for ineffective assistance of counsel is denied.

### 3. Miscalculation of Petitioner's Criminal History

The Petitioner also claims that counsel was ineffective for not bringing up an alleged miscalculation of Petitioner's criminal history by the Probation Department. Counsel's performance was similarly effective in this regard. Counsel had made a motion for a downward departure based on an overstatement of Petitioner's criminal history. The Court denied the

**NOT FOR PUBLICATION** CLOSED

motion. (Sentencing Tr. 9, January 21, 2004.) It was determined then that Petitioner's criminal history was not overstated. (Sentencing Tr. 9-11.)

### B. Certificate of Appealability

Under 28 U.S.C. § 2253, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473 (2000); United States v. Cepero, 224 F.3d 256, 262-64 (3d Cir. 2000) (en banc). This requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 483 (quoting Barefoot v. Estelle, 463 U.S. 880, 894 (1983)) (internal quotation omitted).

For the reasons stated in this opinion, Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253. Accordingly, a certificate of appealability shall not issue.

### CONCLUSION

Petitioner's request for relief pursuant to 28 U.S.C. § 2255 is denied because: (1) Booker is not retroactive; and (2) counsel was not ineffective.

William H. Walls, U.S.S.D.J.

**NOT FOR PUBLICATION** CLOSED

<u>Appearances</u>
Rolando Morrison
F.C.I. Fairton
Post Office Box 420
Fairton, New Jersey 08320
    Pro Se Petitioner

Karl H. Buch, A.U.S.A.
Office of the U.S. Attorney
970 Broad St., Ste. 700
Newark, New Jersey 07102
    Attorney for Respondent